UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZHIYU YANG,

    Plaintiff,

v.

POLLY KAISER, et al.,

    Defendants.

Case No. 25-cv-06323-JD

**ORDER RE EX PARTE APPLICATION FOR TRO**

Plaintiff Zhiyu Yang has filed a complaint and petition for a writ of habeas corpus and an ex parte application for a temporary restraining order (TRO) against defendants Polly Kaiser, Acting Field Office Director of San Francisco Office of Detention and Removal of the U.S. Immigration and Customs Enforcement (ICE); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security (DHS); and Pam Bondi, U.S. Attorney General, all in their official capacities (collectively, Defendants). *See* Dkt. Nos. 1, 3.

Yang alleges he is a Chinese national who was granted asylum in the United States in 2012 and became a lawful permanent resident of the United States in 2013. Dkt. No. 1 ¶ 26. He was detained and ordered removed to China in 2017 after his domestic violence convictions in California state court. *Id.* ¶¶ 26, 34, 38-39. The United States could not effectuate removal to China because China would not issue a "travel document," and so Yang was released from ICE custody in 2018 pursuant to an Order of Supervision (OSUP). *Id.* ¶¶ 4, 39, 41. He has remained out of custody since 2018 and complied with all conditions of his release. *Id.* ¶¶ 5-6, 26, 42. As part of his release, Yang must attend regularly scheduled in-person appointments with ICE. *Id.* ¶¶ 8, 43. His next appointment is tomorrow, July 31, 2025. *Id.* ¶¶ 6-8, 43.

Yang says that, in the past several weeks and months, (1) ICE field offices have been instructed to meet per diem arrest quotas; (2) ICE officials in the Bay Area have been appearing at immigration appointments, including ICE check-in appointments for those released pursuant to an OSUP, to arrest individuals who appear for their appointments; and (3) ICE officials have been arresting and detaining individuals in such a manner even when those individuals do not pose a flight risk or a danger to the community. *Id.* ¶¶ 44-47. When Yang's attorney reached out to ICE through the U.S. Attorney's Office for the Northern District of California, the government did not provide assurance that it would not arrest and detain Yang when he appears at his appointment tomorrow. *Id.* ¶ 48. Consequently, Yang fears that, once he arrives to the appointment he is legally required to attend pursuant to the OSUP, he will be arrested and detained by the government in violation of federal law and his Fifth Amendment Due Process rights. *Id.* ¶¶ 44-46, 48-49.

Under Federal Rule of Civil Procedure 65(b), a court may issue an ex parte TRO if (1) it clearly appears that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b); *see Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). TROs granted on an ex parte basis are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974); *see also McCord*, 452 F.3d at 1131.

The Court finds, based on the allegations and the evidence incorporated by reference in the complaint, that, absent a TRO, immediate and irreparable injury, loss, or damage will result before Defendants can be heard in opposition. Yang has adequately shown that he is likely to be arrested and erroneously detained for potentially an indefinite period, because he cannot currently be removed to China. The regulations provide non-citizens, who are subject to an order of removal, with procedures and an informal hearing to challenge the revocation of their release and

detainment after the fact.  *See* 8 C.F.R. §§ 241.4(l), 241.13(i).  Yang's complaint raises a serious question that, based on his particular facts, the Fifth Amendment's due process guarantee requires he be afforded a hearing *before* he is arrested and detained.  *See* Dkt. No. 3 at 13-24; *see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (the Supreme Court has "usually held that the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property" (emphasis in original)).  A TRO is appropriate here to preserve the status quo until the Court has an opportunity to hear from Defendants about these serious questions.  *See, e.g.*, *Granny Goose Foods*, 415 U.S. at 438-39; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Consequently, Defendants, and all persons acting in concert with them who have notice of this order, are enjoined from arresting or detaining Yang on July 31, 2025.  Plaintiff will serve all Defendants with the complaint and petition for a writ of habeas corpus, associated filings, and this order by no later than 5:00 p.m. on July 30, 2025, and will file proof of service of same with the Court by no later than 6:00 p.m. on July 30, 2025.  Once service has been properly effectuated, the Court will set a hearing for the matter.  Defendants may apply to the Court for modification or dissolution of this order.

**IT IS SO ORDERED.**

Dated: July 30, 2025

JAMES DONATO
United States District Judge