UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIYU YANG,<br><br>　　　　Petitioner-Plaintiff,<br><br>　　v.<br><br>SERGIO ALBARRAN, et al.,<br><br>　　　　Respondents-Defendants. | Case No. 25-cv-06323-JD<br><br>**ORDER RE PRELIMINARY INJUNCTION** |

Petitioner Zhiyu Yang filed a petition for a writ of habeas corpus, and a complaint for declaratory and injunctive relief, against respondents and defendants Sergio Albarran,[1] Field Office Director of the San Francisco Office of Detention and Removal, of the U.S. Immigrations and Customs Enforcement (ICE); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pam Bondi, U.S. Attorney General. Dkt. No. 1. Yang also filed an application for a temporary restraining order to bar an arrest or detention at a scheduled appointment with ICE on July 31, 2025. Dkt. No. 3. The Court granted the temporary restraining order. Dkt. No. 10.

In response to an inquiry by the Court, Dkt. No. 12, Yang asked that the TRO be converted to a preliminary injunction. Dkt. No. 14. The government opposed the request. Dkt. No. 18. The parties' familiarity with the record is assumed and an injunction is granted. The hearing set for December 18, 2026, is vacated.

The salient facts are undisputed, and the government has not indicated that any material facts have changed since the TRO was granted. *See* Dkt. No. 18. Yang has raised a serious legal question, and demonstrated a likelihood of success, with respect to the merits of whether he may

---

[1] Respondent Sergio Albarran is substituted for Polly Kaiser. *See* Federal Rule of Civil Procedure 25(d).

be detained in the circumstances presented here, and has also made a sufficient showing on the other factors that the Court considers when granting a preliminary injunction. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 792 F. Supp. 3d. 985, 998 (N.D. Cal. 2025) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); Dkt. No. 10.

The government's legal contentions do not present good reason to depart from the Court's reasoning and discussion about the necessity of a pre-detention hearing, Dkt. No. 10, which is incorporated here. The statutory provisions respondents seek to rely upon to detain Yang do not trump or otherwise displace the due process commands of the Fifth Amendment, as discussed in the order granting the TRO. *See id.* at 2-3; *see also, e.g.*, *Caicedo Hinestroza et al. v. Kaiser*, No. 25-cv-07559-JD, 2025 WL 2606983, at *2 (N.D. Cal. Sept. 9, 2025).

Consequently, a preliminary injunction is granted on the ensuing terms. If circumstances change materially, the government may request a modification of the injunction.

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner Zhiyu Yang without a pre-detention hearing before a neutral decisionmaker.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from transferring petitioner Zhiyu Yang out of the District without the Court's prior approval.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so Zhiyu Yang need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

The parties are directed to file by January 26, 2026, a joint proposed briefing schedule for the habeas petition.

**IT IS SO ORDERED.**

Dated: December 16, 2025

JAMES DONATO
United States District Judge